UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NICKOYAN WALLACE<br>v.<br>UNITED STATES OF AMERICA | C.A. No. 04-363-L |

**MEMORANDUM AND ORDER**

Ronald R. Lagueux, Senior United States District Judge.

Petitioner Nickoyan Wallace has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (2000)("motion to vacate"). After the Government responded, Wallace filed a motion for leave to amend his motion to vacate to add a claim based on unauthorized "double-counting" in the calculation of his sentence.

For the reasons set forth below, the motion to amend is granted, and Wallace's motion to vacate, as amended, is also granted, solely on the basis of the claim added by the amendment, to permit Wallace to be resentenced.

I. BACKGROUND AND TRAVEL

On October 18, 2000, Wallace was indicted on charges arising out the armed robbery of a gun shop in Providence. See United States v. Wallace, CR No. 00-122-L. Wallace's first trial resulted in a mistrial. At his second trial, at which he was represented by Attorney Francis J. Flanagan, Wallace was found

guilty by a jury of: (1) obstruction of interstate commerce by robbery of certain firearms, and conspiracy to so obstruct, in violation of 18 U.S.C. § 1951; (2) robbery of firearms from a federally-licensed dealer, in violation of 18 U.S.C. § 922(u) and 18 U.S.C. § 2; and (3) brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

The Presentence Investigative Report ("PSR") calculated Wallace's sentence for the armed robbery offenses by starting with a base offense level of 20, and adjusting upwards by six points for the use of a firearm (per Sentencing Guideline § 2B3.1(b)(2)(B)), and by one further point because the offense involved one or more stolen firearms (§ 3B3.1). An additional two points were assessed for obstruction of justice related to Wallace's perjury concerning his whereabouts and involvement in the offense (§ 3C1.1),[1] yielding a total offense level of 29, with a criminal history category of II. The Court imposed a total sentence of 204 months (17 years) of incarceration, followed by three years of supervised release.

---

[1] At sentencing, Wallace. through counsel, objected to the assessment of the additional points for obstruction of justice, arguing that he had exercised his constitutional right to testify, and that the jury's disbelief of his testimony was not sufficient to establish his willful obstruction of justice. This Court disagreed, stating that the right to testify on one's own behalf "does not include the right to perjure one's self," see Transcript of Sentencing Hearing Conducted on January 23, 2002 ("Sent. Tr.") at 8, and retained the additional points.

Wallace appealed to the Court of Appeals and was represented by appointed counsel, Jon R. Maddox. On August 21, 2003, the Court of Appeals affirmed Wallace's conviction on all counts. United States v. Wallace, 71 Fed. Appx. 868 (1st Cir. 2003).[2] Further review was denied by the U.S. Supreme Court on March 22, 2004. In re: Wallace, 541 U.S. 934 (2004).

The instant motion to vacate sentence was filed on August 11, 2004. In his initial motion to vacate Wallace raises 11 separate grounds for relief, which may be summarized as follows:

(1) Wallace claims he was denied effective assistance of counsel for various reasons, including, but not limited to: counsel's failure to call Lisa Gallant, a witness at the first trial, failure to challenge identification evidence which Wallace alleges was suggestive and improper; and failure to challenge the testimony of Willie Preston, a prison informant.

(2) Wallace claims that the Government engaged in prosecutorial misconduct, also on various grounds, including solicitation and use of false testimony; wrongful use of Wallace's booking photograph and Florida license photograph at

[2] A second appeal, which Wallace pursued *pro se* from this Court's denial of his motion to vacate conviction pursuant to Fed. R. Civ. P. 60(b), was likewise denied by the Court of Appeals on December 11, 2003. See 82 Fed. Appx. 701 (1st Cir. 2003). No further review was sought on this appeal.

trial; and alleged improper references to prejudicial facts not in evidence as to the ownership of the cell phone, the apartment at 181 Pleasant Street in Providence, and the money found in an apartment occupied by Wallace.

(3) Wallace raises a claim under Blakely v. Washington, 542 U.S. 296 (2004), challenging the two-point increase in his offense level for obstruction of justice.

In responding, the Government objected to all these claims.

Thereafter, Wallace filed a motion for leave to amend his § 2255 motion, seeking to add a claim that his counsel was ineffective for failing to challenge an alleged "unwarranted double-counting" in the imposition of his sentence. The Government does not oppose the motion to amend and concurs that there had been double-counting in the calculation of Wallace's sentence. See Government's Response to Petitioner's Motion for Leave to Amend's 2255[sic] ("Gov't Resp.") at 2-3. The Government also proposes that Wallace be re-sentenced and that a revised presentence report be prepared incident to the re-sentencing. Id. at 3. In a supplemental filing, Wallace *inter alia* opposes the preparation of a revised presentence report.

II. DISCUSSION

The pertinent section of § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

Generally, the grounds justifying relief under 28 U.S.C. § 2255 are limited. A court may grant such relief only if it finds a lack of jurisdiction, constitutional error or a fundamental error of law. United States v. Addonizio, 442 U.S. 178, 184-185, 99 S.Ct. 2235 (1979). "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted a fundamental defect which inherently results in a complete miscarriage of justice." Id. at 185 (internal quotations omitted).

Ineffective Assistance

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

(1) That his counsel's performance "fell below an objective standard of reasonableness"; and

(2) "[A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See

Cofske v. United States, 290 F.3d 437, 441 (1st Cir. 2002).

The convicted person bears the burden of identifying the specific acts or omissions constituting the allegedly deficient performance. In assessing the adequacy of counsel's performance, the Court looks to "prevailing professional norms." Scarpa v. Dubois, 38 F.3d 1,8 (1st Cir. 1994), citing Strickland, 466 U.S. at 688). Under the second prong of the Strickland test, the petitioner must show actual prejudice, that is, but for counsel's deficient performance, the outcome would have been different. Id., citing Strickland, 466 U.S. at 694.

Because it is dispositive of the instant motion to vacate, the Court focuses on Wallace's motion to amend and on the additional claim which Wallace seeks to assert.

**A. Motion to Amend Petition**

A § 2255 petitioner is entitled to amend his motion to vacate in accordance with Fed. R. Civ. P. 15. See Rules Governing § 2255 Proceedings, Rule 12. See also Mayle v. Felix, - U.S. -, 125 S.Ct. 2562, 2569 (2005)(noting same in context of § 2254 proceedings). Pursuant to Rule 15(a), a party may amend a pleading once "as a matter of course at any time before a responsive pleading is served;" thereafter, permission to amend a pleading "shall be freely given when justice so requires." See Mayle, 125 S.Ct. at 2569; Mederos v. United States, 218 F.3d 1252

(11th Cir. 2000).

Here, Wallace's motion to amend his original motion to vacate was filed on January 10, 2005, some five months after his original § 2255 motion was filed and after the Government had responded, but less than ten months after his conviction became final. Thus, the new claim was raised within the one-year limitations period.[3]

Moreover, the Government does not oppose the motion and concurs that the interests of justice favor allowing Wallace leave to amend in order to assert a new claim concerning alleged "double-counting" in connection with the calculation of his sentence. In view of these considerations, the Court finds that it is in the interests of justice to permit the amended claim to be filed, and Wallace's motion to amend, therefore, is granted. See Fed. R. Civ. P. 15(a); Mayle, 125 S.Ct. at 2569.

**B. Double-Counting Claim**

Wallace's new claim alleges that this Court, in adopting the PSR, engaged in impermissible "double-counting" in the calculation of his sentence and that his counsel was ineffective

---

[3] The Government contends that Wallace is "tardy" in raising this new claim, but it is not clear in what way, given that the motion to amend is not untimely. Thus, this Court need not address the issue of whether the new claim "relates back" to the claims asserted in the original motion to vacate. See e.g. United States v. Hicks, 282 F.3d 380, 387 (D.C. Cir. 2002).

in failing to challenge that calculation. He asserts that the addition of six points to his base offense level for the use or brandishing of a firearm, which increased the guideline sentencing range for the armed robbery offense, in conjunction with the imposition of a consecutive seven-year sentence for the 18 U.S.C. § 924(c) offense, meant that his firearm use was considered in connection with both offenses, a form of impermissible "double-counting."

Guideline § 2K2.4 applies to convictions under 18 U.S.C. 924(c) (possession, use or brandishing of a firearm during a crime of violence). Application Note 2 to that provision provides in pertinent part:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do <u>not</u> apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense.

U.S.S.G. § 2K2.4, Applic. Note 2, 1st para., added by Amendment 599 (emphasis added).

This provision was enacted to prevent any "double-counting" that would otherwise occur for defendants who were convicted of an armed robbery offense and separately sentenced under 18 U.S.C § 924(c). <u>See</u> USSG 2K2.4, Background Note; <u>United States v.</u>

Hickey, 280 F.3d 65, 68 (1st Cir. 2002) (noting same).

Under this provision, the six-level increase for brandishing a firearm during a robbery should not have been imposed in the calculation of Wallace's guideline range for the armed robbery offense, in view of his consecutive sentence for the offense under 18 U.S.C. 924(c)(1)(A)(ii).[4] Without this six-level increase, Wallace's total offense level for the armed robbery offense would have been 23 instead of 29, with a resulting guideline sentencing range of 51-63 months, rather than the 97-121 month guideline range utilized.

The ultimate question here, of course, is whether the failure of Wallace's counsel to recognize and challenge this double-counting at sentencing constitutes ineffective assistance warranting relief. The Court finds that counsel's failure to recognize and challenge the double-counting as part of his review of the PSR constituted objectively deficient performance and,

[4] The Court takes judicial notice that Wallace's brother, Timi Wallace ("Timi"), was convicted in October 2004 in this Court of the same charges for which Wallace was convicted, see United States v. Timi Wallace, CR 00-122-S-2, and that the sentence imposed by Judge William E. Smith in that case was based on a guideline range that did not include a six-level increase for brandishing a firearm during the robbery, in view of the prohibition on double-counting set forth in § 2K2.4. See Transcript of Sentencing Hearing of Timi Wallace, conducted on January 21, 2005 at 10. The Court further notes that Timi received a sentence of 25 years under the advisory Guidelines.

further, that because the unchallenged double-counting had a direct impact on the length of his guideline sentencing range and thus the length of his sentence, Wallace was prejudiced. See Glover v. United States, 531 U.S. 198, 202-204 (2001) (any increase in sentence resulting from counsel's deficient performance constitutes prejudice); United States v. Horey, 333 F.3d 1185 (10th Cir. 2003) (same, where counsel failed to object to improper sentencing enhancement).

Therefore, the Court grants Wallace's motion to vacate, as amended, to the extent, and only to the extent, that the calculation of his original sentence involved such "double-counting" contrary to Guideline § 2K2.4 and its Background Note. The Court takes no view at this time as to what Wallace's new sentence might be.

In view of the disposition of this claim, the Court need not reach the other claims made by Wallace in his motion to vacate -- despite Wallace's request that it do so -- and the Court takes no position on those claims.

## III. CONCLUSION

For all of the foregoing reasons, the Court ORDERS as follows:

(1) Wallace's motion to amend his motion to vacate is GRANTED.

(2) The motion to vacate, as amended, is GRANTED, solely on the basis of the claim added by the amendment, and Wallace shall be resentenced in his underlying criminal case, CR No. 00-122-L, at a time to be determined by this Court. The Clerk shall attempt to make arrangements to have Wallace returned to this jurisdiction in September 2006 and shall have this matter referred to a Magistrate Judge for the appointment of counsel to represent Wallace at his resentencing.

(3) The United States Probation Office shall prepare a revised presentence report in connection with Wallace's resentencing. In addition to any objections to the revised presentence report so prepared, the Government and counsel for Wallace shall each submit a pre-hearing memorandum of law on the issues of: (A) whether the Sentencing Guidelines will be mandatory or advisory as to Wallace's resentencing, in light of <u>United States v.</u>

Booker, 543 U.S. 220 (2005); and (B) the extent to which the Court in resentencing Wallace, may impose a greater or lesser sentence than the sentence originally imposed.

IT IS SO ORDERED:

Ronald R. Lagueux
Senior U.S. District Judge
May 25, 2006