**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| NICKOYAN WALLACE,<br>Appellant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Appellee. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CA. No. 04-363-L<br><br>**NOTICE OF APPEAL**<br>**FED. R. APP. P. 4(a)(1)(B)**<br>**PURSUANT TO SEEKING OF**<br>**CERTIFICATE OF APPEALABILITY**<br>**28 U.S.C. § 2253(c)** |

NOW COMES, NICKOYAN WALLACE (hereinafter Appellant), and files notice of Appeal to the U.S. District Court's adverse decision in refusing to take juridictional notice and dispose of all constitutional claims for relief, raised by Appellant in his habeas corpus petition pursuant to 28 U.S.C. § 2255, challenging the constitutionality of his conviction and sentence.

This "Notice of Appeal" is pursuant to Fed. R. App. P. 4(a)(1)(B). Appellant will apply for "COA" under 28 U.S.C. 2253(c).

**BASIS FOR NOTICE/APPLICATION FOR "COA"**

In it's memorandum/order dated May 25 , 2006, the U.S. District Court for the District of Rhode Island, granted Appellant's motion for leave to amend his § 2255 motion, in which Appellant sought to add another claim of ineffective assistance of counsel (with respect to his sentence), to the numerous claims challenging the constitutionality of his conviction already before the Court in the said habeas petition. The Court opted to grant relief soley on the amended claim stating that, based on such grant- the court need not reach Appellant's other claims- and as such-

takes no position on those claims (see Court's memo/order encolsed p. 10). As a result, Appellant is now compelled to construe the District Court's refusal to resolve all his claims as an implicit denial and seeks to appeal therefrom.[1]

**THE UNRESOLVED CLAIMS**

(1) Ineffective assistance of counsel [a]t trial in failing to:

a) Call an exculpatory witness;

b) Challenge the suggestiveness and impropriety of the identification evidentiary process and;

c) The admissibility of Willie Preston's testimony on grounds of it's incredibility.

(2) Prosecutorial misconduct [a]t trial in:

a) The Government's use of perjured testimony to obtain conviction;

b) Failure to correct such perjured testimony and;

c) A variety of other misconduct that adds cummulative effect weight to the already stated constitutional violations.

(3) The District Court deprived Appellant his constitutional right to have evidence submitted to the jury for his defense.

All the above stated errors structurally denied Appellant his "due process" and "Constitutional" rights to a fair trial, and so, Appellant is in custody in violation of the United States Constitution.

---

1. It should be noted however, that the Appellant does not seek to appeal the grant of relief on his sentencing claim.

## QUESTIONS PRESENTED

I. Does a pro se petitioner have a right to review and disposition of all Constitutional claims raised in his habeas corpus petition pursuant to 28 U.S.C. § 2255?

II. Does a pro se petitioner have Constitutional right to appeal from a final order/judgement of a District Court in a habeas corpus proceeding, and if so, does the District Court's refusal to dispose of all of petitioner's Constitutional claims raised in his § 2255 motion deny him such right to effect an appeal as to those claims?

III. Does the District Court's grant of relief as to one claim of ineffectiveness of counsel [a]t sentencing, negate all other claims of ineffectiveness of counsel, prosecutorial misconduct and judicial error [a]t trial, which were raised by petitioner in his § 2255 motion?

## CONCLUSION

For the said reasons, Appellant moves this Honorable Court to remand back to the District Court for resolution of Appellant's unresolved claims, and, grant "COA" pending the disposition of those claims.

June 14th, 2006

Respectfully Presented,

[signature]

NICKOYAN WALLACE, pro se
BOP Reg. No. 04935-070
FCI RAY BROOK
P.O. Box 9003
Ray Brook, New York 12977

Denied – this is a frivolous notice of appeal: Ronald R. Lagueux
Sr. USDJ 6/20/06