# United States Court of Appeals
## For the First Circuit

No. 06-1981

NICKOYAN WALLACE,
Petitioner, Appellant,

v.

UNITED STATES,
Respondent, Appellee.

Before

Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
Lynch, Circuit Judge.

**JUDGMENT**

Entered: February 16, 2007

Petitioner filed a motion pursuant to 28 U.S.C. § 2255 in the district court. That motion raised challenges to both petitioner's conviction and sentence. The district court granted relief as to one of the claims that challenged the computation of the appropriate sentencing guideline and ordered resentencing. The court expressly declined to reach and took no position on the remaining claims. And, the court subsequently declined to issue a certificate of appealability on the issue whether it erred in refusing to resolve the remaining claims.

Petitioner now seeks a certificate of appealability from our court. He emphasizes past court opinings that, to facilitate the smooth administration of justice, a litigant should bring all of his habeas claims in one habeas proceeding and proffers the coordinate principle that, to avoid the disruptive undermining nature of piecemeal litigation, a court should resolve all the claims presented. We are persuaded by this contention. We note that our concern would be lessened if, for example, the district court had resolved a claim concerning the validity of the *conviction* favorably to petitioner, while leaving unaddressed other claims concerning the conviction or a claim concerning the sentence. In those circumstances, the unaddressed claims are essentially mooted, but without prejudice to the litigant. The problem created by the district court action here was that,

although it granted *some* relief by vacating petitioner's sentence, it left unresolved petitioner's claim that his *conviction* was constitutionally suspect and that by granting relief as to sentencing only it neither resolved nor mooted the additional claims directed at the underlying conviction.

Concluding that the soundness of the district court's procedural ruling declining to resolve petitioner's remaining claims is debatable and that the remaining claims present at least a colorable claim of constitutional error, see Mateo v. United States, 310 F.3d 39 (1st Cir. 2002), we grant petitioner's motion for leave to proceed in forma pauperis. We also grant the certificate of appealability and remand to the district court for consideration of the remaining claims.

By the Court:

Richard Cushing Donovan, Clerk.

By: MARGARET CARTER
Chief Deputy Clerk.

[certified copies: Honorable Ronald R. Lagueux,
David DiMarzio, Clerk, United States District Court Rhode Island]
[cc: Nickoyan Wallace, Donald Lockhart, AUSA]